IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JOHN ALLEN CROSTHWAIT | § | |
| VS. | § | CIVIL ACTION NO. 1:22-CV-290 |
| MAILROOM PERSONNEL,, *et al*, | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, John Allen Crosthwait, an inmate confined at Mark Stiles Unit, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Mailroom Personnel and Mailroom Supervisor FNU Pickett.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendation for the disposition of the case.

Background

This complaint was filed on July 22, 2022 (doc. # 1). On April 6, 2023, the undersigned ordered Plaintiff to pay the full filing fee of $402.00 or file an application to proceed *in forma pauperis* accompanied with a certified income trust statement for the preceding six month period (doc. # 9). Plaintiff filed an application to proceed *in forma pauperis* on May 17, 2023 (doc. # 11). The application, however, failed to include the certified income trust statement for the preceding six month period. Plaintiff included a hand-written note on the application stating he was undergoing cancer treatment at the John Sealy Hospital in Galveston, Texas, and that he paid the full filing fee six to eight months ago.

The record reflects that no filing fee has been paid in this action. More than ample time has passed, yet Plaintiff has failed to either pay the full $402.00 filing fee or provide the court with a certified income trust statement for the preceding six month period.

Discussion

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to prosecute or for failure to comply with any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 629 (1962)).

Plaintiff has failed to comply with this court's previous order. Plaintiff has failed to pay the full $402.00 filing fee or provide the court with a certified income trust statement for the preceding six month period. Plaintiff has failed to diligently prosecute this case.

Recommendation

This complaint should be dismissed for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

.

Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts*,* conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United*

*Servs. Auto. Ass'n.,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 28th day of September, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE